**UNITED STATES v. WILLIAMS.**

No. 3961–C.

District Court, W. D. New York.

Feb. 17, 1945.

George L. Grobe, U. S. Atty., of Buffalo, N.Y. (Eugene J. Donnelly, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the Government.

William B. Mahoney, of Buffalo, N. Y., for defendant.

BURKE, District Judge.

The indictment herein charged the defendant with having concealed and harbored a member of the Womens Army, Corps, knowing her to be a deserter. The jury found the defendant guilty. The defendant has moved to set aside the verdict on the ground that the evidence failed to establish "concealing" and "harboring" within the meaning of those terms as used in the statute. 18 U.S.C.A. § 94. I adhere to my view of the meaning of "concealing" and "harboring" expressed at the trial.

It is further urged that the member of the Womens Army Corps, whom the defendant was charged with having concealed and harbored, was not a "soldier in the military service" within the meaning contemplated by the language of section 94. It is perhaps true that

the term "soldier" in its ordinarily accepted meaning carries some connotation of combatant service, at least potential combatant service. In modern warfare the line of demarcation between combatant and noncombatant service may not be sharply drawn. It is clear that the pilot of a fighter plane is in combat service, but is it clear that the mechanic who services a plane in an airdrome in close proximity to the fighting front is not? It seems unlikely that Congress in enacting the statute intended to leave the meaning of the term "soldier" in so nebulous a field. The purpose of the statute is to punish civilians, not subject to military discipline, for procuring or aiding the desertion of persons in the military or naval service and thus to help keep intact the military and naval command. The Womens Army Auxiliary Corps, predecessor to the Womens Army Corps, was established May 14, 1942, 56 Stat. 278, Chap. 312, for noncombatant service. Its members served with, but not in, the Army. The Womens Army Corps was established July 1, 1943, 57 Stat. 371, Chap. 187, 50 U.S.C.A.Appendix, § 1551 et seq., as a component in the Army. The statute establishing the Womens Army Corps places no limitation on the character of service to be rendered by its members. They are not limited to noncombatant service. There is no statutory assurance that they may not be assigned to duties in combatant service, if the exigencies of the war demand it. Thus they may be considered in potential combat service. There is good ground for the assertion made by counsel for the defendant that the reason for enacting the statute creating the Womens Army Corps was to secure for its members the benefits accruing to officers and enlisted men in the Army, which had been denied to members of the Womens Army Auxiliary Corps, because it was not part of the Army. See Senate Report No. 45 and House of Representatives Report No. 267, 78th Congress, First Session, to accompany S.495. Notwithstanding the purpose, however, the statute made the Womens Army Corps a component in the Army and its members thus became subject to all laws and regulations applicable to enlisted men. They are a part of the military force. I construe the term "soldier in the military service" to include a member of the Womens Army Corps.

The motion to set aside the verdict is denied.